AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
#### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JAMES CLAY BEXLEY<br><br>*Defendant(s)* | Case No.<br>5:22-mj-1079-PRL |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **May 5, 2022** in the county of **Sumter** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of an unregistered NFA firearm (destructive device/silencer) |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Thomas Harrison, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/10/22

_____
*Judge's signature*

City and state: Ocala, Florida     Philip R. Lammens, United States Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA**               **CASE NO. 5:22-mj-1079-PRL**

**COUNTY OF MARION**

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Thomas Harrison, of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 2020. My duties include investigating and enforcing violations of federal firearms, alcohol, tobacco, arson, and explosives laws.

2. Prior to my employment with ATF, I attended the Massachusetts Municipal Police Training Councils Basic Reserve Police Academy and worked as a sworn law enforcement officer in the Commonwealth of Massachusetts for approximately four years. I attended the Florida Criminal Justice Standards and Training Commission Basic Law Enforcement Academy, and I was employed with the Gainesville, Florida Police Department for approximately eleven years as a sworn law enforcement officer. During my employment as a municipal police officer, I was assigned to various units investigating crimes related to violence, narcotics, financial fraud, and firearm related offenses. I have authored and executed search warrants and arrest warrants throughout my law enforcement career.

3. As a Special Agent for ATF, I am a graduate of the Criminal Investigator Training Program and the ATF National Academy, which are located at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received training concerning violations of the Gun Control Act within Title 18 of the United States Code and violations of the National Firearms Act within Title 26 of the United States Code. I have received training regarding the following topics: surveillance; interviewing; writing of warrants; handling of evidence; arrest procedures; and search procedures. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

4. I submit this affidavit in support of a criminal complaint for violations of 26 U.S.C. §§ 5861(d) and 5845(a) and (f), relating to the possession of unregistered firearms, by James Clay Bexley.

5. The statements contained in this affidavit are based on my personal knowledge as well as on information provided by other federal agents and local law enforcement officers. This affidavit is being submitted for the limited purpose of securing a criminal complaint, and I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

## STATUTORY AUTHORITY

6. 26 U.S.C. § 5861(d) makes it a federal crime for any person to "receive or possess a firearm which is not registered to him in the National Firearms

2

Registration and Transfer Record." The term "firearm" includes a "destructive device," 26 U.S.C. § 5845(a), which is further defined as "(1) any explosive, incendiary, or poison gas . . . bomb . . .or similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs(1) and (2) and from which a destructive device may be readily assembled," 26 U.S.C. § 5845(f). It also includes a firearm silencer under 26 U.S.C. § 5845(a)(7).

7. On or about January 3, 2022, an injunction against domestic violence was issued and served on James Clay Bexley, (hereinafter, "Bexley") by the Sumter County Circuit Court (injunction number 2022DR000003AXMX). The injunction was issued after a hearing in which Bexley, the respondent, received notice of the hearing and was given an opportunity to be heard. This injunction mandates that Bexley is not allowed to have any contact with the victim, C.B. The injunction further prohibits Bexley from possessing firearms or ammunition. The injunction was personally served on Bexley on or about March 14, 2022. Images of the relevant portions of the injunction are included below:

## Relevant Terms:

**SECTION III.   INJUNCTION AND TERMS**
This injunction shall be in full force and effect until either [mmfq] further order of the Court or
[ ]   N/A   . This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.

**ORDERED and ADJUDGED:**

1. **Violence Prohibited.** Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact.** Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor child(ren).

    a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner's current residence {list address}
    
    [REDACTED]
    WILDWOOD, FL 34785
    or any residence to which Petitioner may move; Petitioner's current or any subsequent

3. **Firearms.** Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.

    [Initial if applies; write N/A if not applicable]
    a. N/A Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer's employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
    b. [mmfq] Respondent shall surrender any firearms and ammunition in the Respondent's possession to the Sumter County Sheriff's Department. _Respondent is known to have multiple handguns and long guns_
    c. [mmfq] Other directives relating to firearms and ammunition; _Respondent builds guns as a hobby and hereby ordered not to build any firearms of any kind or possess the materials to do so while this order is in effect_

NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).

## Notice of Service:

**SUMTER COUNTY SHERIFF'S OFFICE**
Sumter County, Florida
William O. "Bill" Farmer Jr., Sheriff

**AMENDED**

Deputy Worksheet / Return of Service

Court: Circuit
Court Date:
County: SUMTER COUNTY

Document #: SCSO22CIV000111DVI
Agency Case Number:
Court Case Number: 2022DR

Plaintiff:
Defendant: JAMES CLAY BEXLEY
Type of Process: FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILDREN AFTER NOTICE //

Attorney/Agent:
SUMTER CLERK OF COURTS
215 E MCCOLLUM AVENUE
BUSHNELL FL 33513

Serve: BEXLEY, JAMES CLAY
3950 CR 567 CENTER HILL, FL 33514
Phone: 352-

MNI Intel Flags: Active Warrants
Current as of:

Instructions:

___ INJUNCTION - INJUNCTION

Received this Injunction on 01/14/2022 at 2:06 PM and served the same on: 03 / 14 / 2022 at: 0920 am/pm, in Sumter County, Florida, in the manner described below:

[✓] INDIVIDUAL SERVICE: By delivering to the within named a true copy of this Injunction to BEXLEY, JAMES CLAY with the date and hour of service endorsed thereon by me, and at the same time I delivered to the within named a copy of the plaintiff/petitioner's initial pleadings, if any, as furnished by the plaintiff/petitioner.

( ) INCOMPETENT SERVICE: By delivering two copies of this Injunction together with a copy of the initial pleadings, if any, with the date and hour of service endorsed thereon by

me, to-wit:_____, as one who has care or custody of the incompetent,
_____, or his/her legal guardian as provided for in Section 48.042,

Florida Statutes.

( ) NOT FOUND / NOT SERVED: Return the same as UNEXECUTED for the reason that after due diligence to locate the named person, BEXLEY, JAMES CLAY, could not be found in Sumter County, Florida.

ATTEMPTS:_____

Service Fee: $0.00
Deposit Amount: $0.00

BY: _____ 8108/60113 ID#
SHAWN R BECKARD
MICHAEL SCOFIELD
DEPUTY SHERIFF (printed & sign)

Printed On: 3/09/2022 3:52 PM    User Name: BMINICK    Page 1 of 1

5

8. On or about May 5, 2022, the Sumter County Sheriff's Office ("SCSO") dispatch received a call from C.B. reporting that Bexley had been contacting her via email, in violation of the injunction. Images of the emails are below:





9. C.B. also reported that bank statements between March and April 2022 show several purchases from various websites known for selling firearms, firearm parts, and pyrotechnic compounds and parts. Bexley has access to this account. C.B. did not make those purchases. C.B. completed a sworn written statement attesting to these facts.

6

10. On or about May 5, 2022, SCSO deputies began attempting to arrest Bexley for violating the terms of the injunction. The address 3950 County Road 567, Center Hill, Florida was listed on the "return of service" of the injunction as Bexley's residence. C.B. had also reported this as Bexley's current residence. This location is in Sumter County, within the Middle District of Florida. Deputies observed Bexley outside of the residence. Bexley was observed in possession of a rifle, going in and out of the residence, and driving a pick-up truck. At approximately 3:42 p.m., deputies converged on Bexley in the front yard of the residence and placed him under arrest.

11. The vehicle was a Dodge Ram pick-up truck and a registration search confirmed that the vehicle was registered to Bexley. Bexley was also the only person observed at the scene and no other individual entered or exited the vehicle. Within the vehicle, deputies observed several firearms in plain view. The firearms were located in the front passenger seat of the vehicle and would have been readily accessible to Bexley. Based on these plain view observations of the firearms, the deputies determined this was a violation of the terms of the injunction. The deputies then performed a search of the vehicle and recovered the firearms as well as two suppressors,[1] as pictured below:

---

[1] Under federal law, a "suppressor" or "silencer" is a device designed to "silence, muffle or diminish the report of a portable firearm." *See* 18 U.S.C. § 921(a)(24); 26 U.S.C. § 5845(a)(7). As such, it is subject to the registration requirements of Title 26.





12.     During the search, deputies also discovered two white cylindrical plastic tubes with a fuse attached and a sealant around the fuse, consistent with explosive devices. The Lake County Bomb Squad responded to the scene and determined that the cylindrical fused objects were home-made explosive devices. A photograph of the devices is below:

8



13. After locating these items, deputies observed two larger devices on the front porch of the residence. The porch is unscreened and was in plain view to the deputies. These devices again appeared consistent with explosive devices. The Lake County Bomb Squad recovered the devices and determined that they were constructed with approximately two-inch diameter white PVC pipe, sealed end caps, and fuses protruding from the ends. All of the devices have since been safely diffused by the Bomb Squad. A photograph of the "pipe bombs" is shown below:



14. Pursuant to the provisions of the National Firearms Act ("NFA") (26 U.S.C. § 5801 et seq.), certain inherently dangerous firearms (including silencers) and destrucive devices (such as the explosive devices in this case) must be registered with ATF prior to being possessed by an individual. This process requires the applicant to provide their personal identifying information including their full name, address, date of birth, and Social Security number. ATF maintains records of these types of firearms and destructive devices in a database known as the National Firearms Registration and Transfer Record.

15. Prior to submitting this affidavit, ATF has confirmed that Bexley has never registered the silencers or explosive devices located in this case. In other words, there is no record within the National Firearms Registration and Transfer Record identifying the silencers or explosive devices. Therefore, Bexley cannot lawfully possess them.

## CONCLUSION

16. Based on the above information, I believe there is probable cause that Bexley unlawfully possessed suppressors and destructive devices which are "firearms" under 26 U.S.C. §§ 5845(a) and (f). Thus, I respectfully request that this court authorize a criminal complaint for Bexley.

*Thomas Harrison*
Special Agent Thomas Harrison, ATF

Sworn to and subscribed before me
this __10th__ day of May 2022

*P Lammens*
Honorable Philip R. Lammens
United States Magistrate Judge