FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2022 JUN 21  PM 3: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

UNITED STATES OF AMERICA

v.  CASE NO. 5:22-cr-35-GAP-PRL
    26 U.S.C. § 5861(d)
JAMES CLAY BEXLEY   18 U.S.C. § 922(g)(8)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about May 5, 2022, in the Middle District of Florida, the defendant,

JAMES CLAY BEXLEY,

did knowingly possess a firearm, that is: a silencer and a destructive device, as defined by 26 U.S.C. § 5845(a)(7), (8), and (f)(1), and 18 U.S.C. § 921(a)(24), which was not registered to the defendant in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. § 5841.

In violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

### COUNT TWO

On or about May 5, 2022, in the Middle District of Florida, the defendant,

JAMES CLAY BEXLEY,

knowing that he was subject to a court order that was issued after a hearing of which the defendant received actual notice, and at which he had an opportunity to participate, and which court order restrains him from harassing, stalking, and threatening an intimate partner of the defendant and child of such intimate partner,

and engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner and child, and the court order includes a finding that the defendant represents a credible threat to the physical safety of such intimate partner and child, and the court order's terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner and child that would reasonably be expected to cause bodily injury, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is:

|    | **DESCRIPTION OF FIREARM** |
| --- | --- |
| 1  | a DPMS firearm |
| 2  | a Winchester firearm |
| 3  | a Benelli firearm |
| 4  | a Ruger firearm |
| 5  | a Fabrique Nationale Herstal firearm |
| 6  | a Colt firearm |
| 7  | a Browning firearm |
| 8  | a Rock Island firearm |
| 9  | a Ruger firearm |
| 10 | a Savage firearm |
| 11 | a Palmetto State Armory firearm |
| 12 | a DPMS firearm |

| 13 | a New England Firearms firearm |
|---|---|
| 14 | a Browning firearm |
| 15 | an Armalite firearm |
| 16 | a Marlin firearm |
| 17 | a Savage firearm |
| 18 | a Kel-Tec firearm |

In violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Count One and Count Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and 49 U.S.C. § 80303.

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation 26 U.S.C. § 5861, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation,

concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

4. The property to be forfeited includes, but is not limited to, the following: a DPMS firearm; a Winchester firearm; a Benelli firearm; a Ruger firearm; a Fabrique Nationale Herstal firearm; a Colt firearm; a Browning firearm; a Rock Island firearm; a Ruger firearm; a Savage firearm; a Palmetto State Armory firearm; a DPMS firearm; a New England Firearms firearm; a Browning firearm; an Armalite firearm; a Marlin firearm; a Savage firearm; a Kel-Tec firearm; and all associated ammunition; firearm silencers; and all bomb-making and explosive materials related to the destructive devices seized from the defendant on or about May 5, 2022.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Tyrie K. Boyer
Assistant United States Attorney

By: _____
Robert E. Bodnar, Jr.
Assistant United States Attorney
Chief, Ocala Division

FORM OBD-34
June 22

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Ocala Division

THE UNITED STATES OF AMERICA

vs.

JAMES CLAY BEXLEY

## INDICTMENT

Violations: 1) 26 U.S.C. § 5861(d)
2) 18 U.S.C. § 922(g)(8)

A true bill,

_____
Foreperson

Filed in open court this 21st day

of June 2022.

_____
Clerk

Bail $_____

GPO 863 525